**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ROBERT ARMSTRONG, | Case No.: 3:90-cv-01495-H-KSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING IN PART, GRANTING IN PART, DEFENDANT ROY GAYHART'S MOTION TO VACATE RENEWAL OF JUDGMENT OR, ALTERNATIVELY, CORRECT THE JUDGMENT** |
| JACK'S INC., et al., | |
| Defendants. | |
| | [Doc. No. 84] |

On January 19, 1993, Plaintiff Robert Armstrong ("Plaintiff") and Defendant Roy Gayhart ("Defendant") stipulated to a judgment of $6,500 in favor of Plaintiff, payable by Defendant. (Doc. No. 62.) On Plaintiff's motion, the Court renewed the judgment on May 21, 2002. (Doc. No. 70.) The Court also subsequently renewed the judgment on Plaintiff's motion on November 7, 2007, (Doc. No. 72), July 11, 2008, (Doc. No. 76), and June 3, 2015, (Doc. No. 82). Defendant did not participate in these proceedings.

On January 25, 2017, Defendant brought the present motion seeking to vacate the previous renewals of judgment or, alternatively, correct the judgment amount. (Doc. No. 84.) On February 28, 2017, Plaintiff opposed the motion. (Doc. No. 94.) Defendant replied on March 2, 2017. (Doc. No. 86.) On March 6, 2017, the Court heard arguments

on the matter.  (Doc. No. 97.)  Defendant was represented by Attorney Jeremy Golden and Plaintiff proceeded pro se.  (Id.)

## BACKGROUND

This case arises from a $6,500 stipulated judgment from 1993.  (Doc. No. 62.)  Since that time, Defendant has not paid the judgment and Plaintiff has asked the Court to renew it from time to time.  (Doc. Nos. 70, 72, 76, 82.)  Most recently, Plaintiff moved to renew the judgment on May 7, 2015.  (Doc. No. 78.)  In his motion to renew the judgment, Plaintiff claimed that interest was accruing at the rate of 10% per year.  (Id.)  The Court ordered supplemental briefing on why the 10% interest rate was appropriate.  (Doc. No. 79.)  Plaintiff filed supplemental briefing on June 1, 2015, asserting the 10% interest rate was appropriate because the parties had agreed to it at the time of the stipulation and Defendant subsequently acknowledged the rate was proper.  (Doc. No. 80.)  Defendant did not participate in these proceedings.  On June 3, 2015, the Court renewed the judgment as requested, but reserved the right to alter the interest rate at a later date.  (Doc. No. 82.)

## ANALYSIS

Defendant argues the Court should adjust the judgment amount because the appropriate federal postjudgment interest rate is 3.67%.  (Doc. No. 84-1 at 5-6.)  Defendant also argues the judgment renewals should be vacated because he did not receive notice.  (Doc. No. 84-1 at 4.)  Finally, in the alternative, Defendant argues the Court should deem Plaintiff's judgment satisfied because Plaintiff has collected payments from other defendants totaling more than the amount in the original complaint.  (Id. at 6.)

### I. AMOUNT OF JUDGMENT

Defendant's original judgment of $6,500 has been accruing interest since 1993.  (Doc. No. 62.)  Defendant made payments totaling $700 in 1994 but stopped making payments after experiencing financial difficulties.  (Doc. No. 84-1 at 2.)  In May 2002, Plaintiff renewed the judgment in the amount of $11,324.99.  (Doc. No. 70.)  This included the remaining principal of $5,800 and accrued postjudgment interest of

$5,524.99.  (Id.)  Plaintiff filed a certificate of service, certifying he served Defendant with a notice of the renewal of judgment via U.S. mail.  (Doc. No. 71.)  Plaintiff next renewed the judgment in November 2007.  (Doc. No. 72.)  Plaintiff had received no payments from Defendant during the period and the additional accrued interest was $6,134, for a total judgment of $17,460.00.  (Id.)  Plaintiff attempted to serve Defendant notice but the mail was returned as undeliverable.  (Doc. No. 74.)  Because of the wrong address, Plaintiff renewed the judgment again in 2008, this time for the amount of $18,403.12.  (Doc. No. 76; see Doc. No. 88.)  Plaintiff most recently attempted to renew the judgment on May 7, 2015.  (Doc. No. 78.)  Plaintiff had received no payments from Defendant and claimed an additional $12,347.74 had accrued in interest.  (Id.)  On May 11, 2015, the Court requested additional briefing regarding the proper interest rate.  (Doc. No. 79.)  On June 1, 2015, Plaintiff filed supplemental briefing explaining that the appropriate interest rate was 10% because that was what the parties had agreed to at the time of the settlement.  (Doc. No. 80.)  In light of Plaintiff's representations, and absent objection from Defendant, the Court granted the renewal of judgment on June 3, 2015, but reserved the right to alter the interest at a later date.  (Doc. No. 82.)

Postjudgment interest rates are governed by federal law.  Fid. Nat. Fin. Inc. v. Friedman, 602 F.3d 1121, 1123 ("Interest accruing on an unpaid federal judgment is governed by federal law—even in diversity cases.").  The U.S. Code provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(1).  By default, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity yield . . . for the calendar week preceding the date of the judgment.[1]"  Id.

---

[1] At the time of the judgment in this case, § 1961 read: "[Postjudgment] interest shall be calculated from the date of entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment."  The judgment in this case was entered on January 21, 1993.  (Doc. No. 64.)  The applicable federal postjudgment interest rate on that date was 3.67%.

However, parties may agree to contractually waive the application of 28 U.S.C. § 1961. See Fidelity Fed. Bank, FSB v. Durga Ma Corp, 387 F.3d 1021, 1023 (9th Cir. 2004); Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1108 (9th Cir. 1998) ("We agree with the district court that the parties contractually waived their right to have post-judgment interest calculated at the federal statutory rate.").

Defendant argues the Court should amend the judgment against him to reflect the applicable federal postjudgment interest rate, rather than the 10% interest rate the Court previously applied. (Doc. No. 84-1 at 5-6.) Federal Rule of Civil Procedure 60(b) allows a court to modify a previous order for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see Tolbert v. Leighton, 1998 WL 646675 (N.D. Cal. Feb. 25, 1998) (aff'd Tolbert v. Leighton, 156 F.3d 1239 (9th Cir. 1998) (unpublished)) (holding a motion to vacate a judgment renewal decision was properly brought under Rule 60(b)). Motions under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). As Defendant filed this motion to vacate the renewal of judgment more than one year after it was entered, (compare Doc. No. 82 with Doc. No. 84), relief is only available under Rule 60(b)(4)-(6).

Defendant argues the renewal judgment amount should be adjusted because he never agreed to a postjudgment interest rate of 10% and has submitted a declaration to that effect. (Doc. No. 84-2 ¶4.) In 2015, when the Court ordered supplemental briefing on the interest rate, Plaintiff represented, under penalty of perjury, that the parties agreed to the 10% interest rate as a condition of the stipulated judgment. (Doc. No. 80.) Now, in response to Defendant's motion to vacate, Plaintiff has submitted additional documents he claims supports the conclusion that Defendant previously agreed to the 10% rate. (See Doc. No. 94.) Plaintiff produced a March 16, 2001 letter he sent to Defendant stating the amount due is $10,724. (Id. at 29.) Plaintiff claims this document shows he was applying a 10% interest at the time and Defendant acknowledged that was the appropriate rate. (Id. at 4, 12.) Plaintiff also claims Defendant acknowledged the 10% interest rate in a 2017 spreadsheet Defendant emailed to Plaintiff. (Id. at 71-73.) In the email, Defendant wrote "Attached is what I had been thinking about – from a conceptual standpoint – in my earlier email. I hope we're still on a win-win track to get this resolved in a mutually workable manner." (Id. at 72.) The attached spreadsheet contains a schedule of payments and states that the "Beginning Principle" is $30,000. (Id. at 3.) Plaintiff claims Defendant's willingness to settle at this amount corroborates the 10% interest rate. (Id. at 25.)

Defendant disputes the additional evidence Plaintiff has provided. Defendant argues the March 16, 2001 letter does not corroborate the 10% interest rate because it was drafted by Plaintiff and does not even state the terms of the original agreement or that Defendant agreed to them. (Doc. No. 86 at 3-4.) Defendant also disputes the significance of the 2017 spreadsheet because it does not document any agreement to a 10% interest rate and should not be considered as evidence because it was communicated during settlement discussions. (Id.) Defendant maintains that any interest rate should have been included in the original stipulated judgment but that document is silent as to the interest rate. (Id.)

Rule 60(b)(6) offers Defendant's only avenue of relief and allows the Court to revise an order for "any other reason that justifies relief." "To justify relief under Rule 60(b)(6), a party must show external extraordinary circumstances suggesting that the party is faultless in the delay." Washington v. Ryan, 833 F.3d 1087, 1099 (9th Cir. 2016) (internal quotation marks omitted).  No such extraordinary circumstances are present here.  Plaintiff has been trying to collect on Defendant's judgment for more than twenty years.  The evidence offered by the parties shows that Defendant has been in repeated communication with Plaintiff and was aware that Plaintiff was still pursuing the debt. (E.g., Doc. No. 94 at 29, 42, 79-81.)  Moreover, Plaintiff's renewals of judgments were published on the public court docket and available to Defendant, had he exercised due diligence.  As such, the Court cannot say Defendant is faultless and declines to vacate the most recent renewal of judgment.  Ryan, 833 F.3d at 1099.

In the June 3, 2015 renewal of judgment, the Court reserved the right to alter the applicable interest rate at a later date.  (Doc. No. 81.)  Waiver of the federal interest rate requires a "specific agreement" regarding the "specific issue" of interest rates.  Fidelity Fed. Bank, FSB, 387 F.3d at 1023.  Plaintiff maintains that that the 10% interest rate is appropriate as it was agreed to by the parties.  (E.g., Doc. No. 94 at 4, 11-12.)  However, this aspect of the agreement was not included in the original stipulation of judgment or any other contemporaneous document and Defendant denies ever agreeing to such interest rate. (Doc. No. 84-3.)  Plaintiff has offered post-judgment communications with Defendant he claims shows that Defendant now acknowledges the 10% interest rate is appropriate.  (E.g., Doc. No. 94 at 29, 72-73.)  But these documents merely reflect settlement discussions following Plaintiff's renewal of judgments and only include lump sum settlement offers.  None of them affirm any "specific agreement" on the "specific issue" of interest rates.  Fidelity Fed. Bank, FSB, 387 F.3d at 1023.  Because there is no clear evidence the parties agreed to alter the federal postjudgment interest rate, and in light of Defendants current objections, the Court will adjust the applicable interest rate

going forward.  In calculating interest, Plaintiff is ordered to apply the federal rate of 3.67% to any interest accruing after June 3, 2015.

## II.     FAILURE TO SERVE NOTICE

Defendant argues the Court should vacate its previous renewal of judgment because he did not receive notice.  (Doc. No. 84-1 at 4.)  On June 3, 2015, the Court renewed Plaintiff's judgment against Defendant in the amount of $30,750.86.  (Doc. No. 82.)  "The statutory renewal of judgment is an automatic, ministerial act" and the validity of the renewal is not affected by a defect in notice.  Goldman v. Simpson, 160 Cal.App.4th 255, 262 (2008); accord In re Zavala, 505 B.R. 268, 273 (C.D. Cal. 2014).  In any event, however, Defendant has received sufficient notice of Plaintiff's continuing attempts to collect on the judgment.  The May 2002 renewal notice contains a certificate of service stating that Plaintiff sent notice to Mr. Gayhart.  (Doc. No. 71.)  Similarly, Plaintiff has provided certificates of service showing he mailed Defendant notice of the July 2008 and June 2015 renewals.  (Doc. No. 96 at 7, 13.)  In addition to these formal services of notice, Plaintiff and Defendant have exchanged numerous communications over the years specifically discussing Plaintiff's continued attempts to collect on the debt.  (E.g., Doc. No. 94 at 29, 42.)  Furthermore, all of the renewals were publically available on the Court's docket had Defendant exercised his due diligence to check.  Finally, Plaintiff has now received notice of the renewals and has had his chance to present his arguments to the Court.  After reviewing those arguments, the Court declines to vacate its previous renewals of judgment.

## III.    SATISFACTION OF JUDGMENT

Defendant argues, in the alternative, that Plaintiff's judgment against him should be deemed satisfied because Plaintiff has already received $57,250 from other defendants in this matter and his original complaint only sought recovery of $20,000.  (Doc. No. 84-1 at 6.)  Plaintiff responds that any difference between the original amount in the complaint and the subsequent recovery is merited because of the lost opportunity cost in

1 not timely receiving payment on the judgment, as well as the additional expenditures
2 Plaintiff has incurred in trying to recover the amount he is owed.  (Doc. No. 94 at 21.)
3 　　　　Defendant's argument is foreclosed by the Supreme Court's decision in
4 McDermott, Inc. v. AmClyde, 511 U.S. 202, which states:

> [W]e must recognize that settlements frequently result in the plaintiff's getting more than he would have been entitled to at trial.  Because settlement amounts are based on rough estimates of liability, anticipated savings in litigation costs, and a host of other factors, they will rarely match exactly the amounts a trier of fact would have set.  It seems to us that a plaintiff's good fortune in striking a favorable bargain with one defendant gives other defendants no claim to pay less than their proportionate share of the total loss.

Id.  In light of the practical realities surrounding settlement negotiations, as highlighted by McDermott, Inc. decision, the Court cannot say that Plaintiff has received a windfall on account of his judgment against Defendant.  First, much of the current outstanding judgment is on account of postjudgment interest, which is required by federal law.  See 28 U.S.C. § 1961.  Furthermore, Plaintiff has been working to collect his debt for over twenty years.  In any event, however, the fact that Plaintiff had more success in collecting from the other defendants should in no way relieve Defendant of his responsibility.  McDermott, Inc., 511 U.S. at 219.

///
///
///
///
///
///
///
///

## **CONCLUSION**

For the foregoing reasons, the Court denies in part, and grants in part, Defendant's motion to vacate the renewal of judgment or alternatively correct the amount. (Doc. No. 84.) The Court denies Defendant's request to vacate or modify the June 3, 2015 renewal of judgment and affirms the $30,750.86 judgment. However, the Court modifies the postjudgment interest rate subsequent to the renewal. In calculating accrued interest, Plaintiff is to apply the federally mandated rate of 3.67% to interest accruing after June 3, 2015.

**IT IS SO ORDERED.**

DATED: March 20, 2017

*/s/ Marilyn L. Huff*
Hon. Marilyn L. Huff
United States District Judge